UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Felicity A. Ferrell,

Debtor

Chapter 13
Case No. 18-10052

## DISMISSAL ORDER

Ms. Ferrell has moved the Court for an order, under 11 U.S.C. § 1307(b), dismissing her case. The chapter 13 trustee consents. A creditor, Kevin Hall, supports dismissal, but asks the Court to impose a twelve- to eighteen-month prohibition on Ms. Ferrell's ability to file a subsequent petition under Title 11. Mr. Hall also asks the Court to reserve jurisdiction to entertain a request for sanctions against Ms. Ferrell and her counsel. Ms. Ferrell's motion will be granted, and her case will be dismissed, effective immediately. The Court will not, however, ban Ms. Ferrell from seeking relief under Title 11 or reserve jurisdiction to impose sanctions.

For nearly two decades, Ms. Ferrell and Mr. Hall have been embroiled in litigation over the real estate located at 372 Belfast Road in Camden, Maine ("the Property"). *See* [Dkt. No. 11, Ex. A, p. 2] (indicating that Mr. Hall filed his first foreclosure complaint with respect to the Property in 2000). Accusations of fraud, bad faith, perjury, and abuse of process have been commonplace, and requests for impositions of sanctions have been made with some frequency. *See, e.g.,* [Dkt. No. 11, Ex. C, ¶ 16] (alleging that the LLC transferred the Property to Ms. Ferrell "as part of a scheme to delay, hinder, or defraud creditors"); [Dkt. No. 24, Ex. A, p. 4] (describing Ms. Ferrell's allegation that she was fraudulently induced to execute the promissory note to Mr. Hall); [Dkt. No. 24, Ex. A, p. 6] (denying Mr. Hall's motion in state court to prohibit Ms. Ferrell from filing further submissions without court approval); [Dkt. No. 24, Ex. C, p. 3]

(denying Mr. Hall's motion for sanctions in state court); [Dkt. No. 85] (requesting sanctions against Mr. Hall under section 362(k)); *see also* [Adv. No. 15-1028, Dkt. No. 49] (requesting sanctions against Ms. Ferrell).  One could infer that Ms. Ferrell has, at times, been more interested in delay than in advancing legitimate bankruptcy goals, given the record of this chapter 13 case, the record of a prior chapter 12 case initiated by an LLC that was, at one time, partly-owned by Ms. Ferrell, <u>In re Camden Hills Farms By the Sea, LLC</u>, Case No. 18-10026, and the record of Ms. Ferrell's prior chapter 7 case, <u>In re Felicity A. Ferrell</u>, Case No. 15-10370 and the related adversary proceeding, <u>Hall v. Ferrell</u>, Adv. No. 15-1028.  One could also infer that Mr. Hall has been motivated by something other than maximizing his recovery on the debt owed to him.  The Court need not ferret out the parties' real motivations:  Mr. Hall wanted to proceed with his state law foreclosure instead of accepting payment of his debt in full in connection with the Motion to Sell the Property filed by Ms. Ferrell and Megunticook Mountain Acres, LLC [Dkt. No. 31].  Now, Ms. Ferrell wants her case dismissed.  To this very limited extent—and perhaps only to this extent—Mr. Hall and Ms. Ferrell are in agreement.  The parties' dispute will move back to the state court system where it started.

There is no need for this Court to reserve jurisdiction for the purpose of hearing and determining yet another request for the imposition of sanctions.  And, even if there were cause to impose a filing ban under section 349(a)—a matter the Court does not decide—the Court would not impose the lengthy ban requested by Mr. Hall.

Dated:  March 26, 2019

Michael A. Fagone
United States Bankruptcy Judge
District of Maine