UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Felicity A. Ferrell,<br><br>           Debtor | Chapter 13<br>Case No. 18-10052 |

**ORDER DENYING MOTION TO RECONSIDER**

In March 2019, the Court issued two orders in this chapter 13 case, one dismissing the case and another denying an oral motion for sanctions. *See* [Dkt. No. 148 & 150]. Kevin Hall seeks an order reconsidering one, or perhaps both, of those orders. *See* [Dkt. No. 156].

Before addressing the request for reconsideration, some explanation of the prior orders is warranted. The debtor, Felicity Ferrell, asked for her chapter 13 case to be dismissed. *See* [Dkt. No. 135]. Mr. Hall, a creditor, filed what he termed a "partial opposition" to Ms. Ferrell's motion, asking the Court to prohibit Ms. Ferrell from filing for bankruptcy for at least one year and to preserve his right to seek sanctions against Ms. Ferrell and her counsel. *See* [Dkt. No. 141]. The Court conducted a hearing on the motion to dismiss on March 20, 2019 and, during that hearing, Mr. Hall's counsel made an oral motion for the imposition of sanctions. *See* [Dkt. No. 147]. After the hearing, the Court issued an order denying the oral motion [Dkt. No. 148] (the "Sanctions Order"). The Sanctions Order dealt only with the oral motion made during the hearing. Although the subject of sanctions was addressed in some detail in Mr. Hall's partial opposition, the Sanctions Order was not a ruling on that opposition. Instead, the Sanctions Order was a direct response to the oral motion, and the limited effect of the order was to deny that oral motion.

1

The Court also issued an order dismissing Ms. Ferrell's case. *See* [Dkt. No. 149 & 150] (the "Dismissal Order"). In the Dismissal Order, the Court declined Mr. Hall's invitation to reserve jurisdiction to consider imposing sanctions on Ms. Ferrell or her counsel. Id. The rationale for that declination is contained in the Dismissal Order.

Now, Mr. Hall has moved the Court for reconsideration. *See* [Dkt. No. 156] (the "Motion for Reconsideration"). By its title, the Motion for Reconsideration suggests that the incorporated prayer for relief relates to the Sanctions Order; the initial paragraph, however, suggests that the motion relates to the Dismissal Order. Ultimately, this contradiction is unimportant, because the motion does not allege any manifest error of law, newly discovered evidence, or other plausible grounds for reconsideration of the Sanctions Order *or* the Dismissal Order. Instead, the Motion for Reconsideration expresses Mr. Hall's dissatisfaction with the Court's rulings. A litigant's displeasure with a ruling is not grounds for reconsideration. *See* Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected.").

Mr. Hall offers several specific criticisms, none of which advance the ball for him. In the Sanctions Order, the Court observed that the oral motion "did not identify the legal basis for the relief requested, the person or persons against whom sanctions were sought, or the specific sanction sought." [Dkt. No. 148.] Mr. Hall challenges the accuracy of those observations by pointing to the content of his partial opposition to Ms. Ferrell's motion to dismiss. *See* [Dkt. No. 156, at ¶¶ 1-2]. That explanation is based on an apparent misunderstanding of the Sanctions Order, as the Court's observations were based solely on the contents of the oral motion. The Sanctions Order was neither an indictment of, nor an imprimatur on, Mr. Hall's partial opposition.

A motion may be made orally during a hearing, *see* Fed. R. Bankr. P. 9013, but the movant is nevertheless required to explain the relief sought and the factual and legal bases for the requested relief. Mr. Hall's counsel made no discernible attempt to provide that explanation during the hearing, and she did not expressly incorporate the contents of Mr. Hall's partial opposition to the motion to dismiss into her oral motion. When faced with an oral motion, the trial court is not required to speculate about the basis for the motion.

Even if the contents of that partial opposition could be deemed to have been incorporated by reference, there was no manifest error of law in the denial of Mr. Hall's request for sanctions. Whether to impose sanctions is a purely discretionary determination. *See* <u>Kale v. Combined Ins. Co. of Am.</u>, 861 F.2d 746, 758 (1st Cir. 1988) ("[A]t its core imposition of sanctions is a judgment call.") (quotation marks omitted). Mr. Hall seems to believe that the Court was somehow required to impose sanctions (or even to reserve jurisdiction to consider a later written request for imposition of sanctions). There is no such requirement in the law.

In response to the Court's observation that he failed to seek an evidentiary hearing on his oral motion, Mr. Hall demurs. He protests that he informed the Court that the "matter warranted a Show Cause Hearing." [Dkt. No. 156 at ¶ 3.] True enough, but that statement is not a request for an evidentiary hearing. Mr. Hall never asked the Court to schedule an evidentiary hearing at which he could adduce evidence in support of his request. Instead, he filed a partial opposition to Ms. Ferrell's motion to dismiss her case (which does not constitute evidence), and then appeared, through counsel, at a hearing in which his counsel made statements (which also do not constitute evidence). Given those failures, there was no manifest error of law in failing to conduct an evidentiary hearing on Mr. Hall's requests.

Mr. Hall's remaining arguments in support of his request for reconsideration do not warrant discussion. His motion is denied.

Dated: May 21, 2019

Michael A. Fagone
United States Bankruptcy
Judge District of Maine